UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RONEEL and NALEEN PRASAD, husband and wife, and the marital community composed thereof,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY, an insurance company,<br><br>Defendant. | No.  C10-762Z<br><br>ORDER |

THIS MATTER comes before the Court on a second motion to dismiss defendant's counterclaims filed by plaintiffs Roneel and Naleen Prasad (the "Prasads"). Docket no. 14. Having reviewed the parties' briefing, the Court enters the following Order.

ORDER - 1

## I. Background

The Prasads are insured under a homeowners' insurance policy issued by defendant American Family Insurance Co. ("American Family"). Am. Compl. ¶ 4.1, docket no. 4. The Prasads filed this lawsuit on April 5, 2010, alleging breach of contract and bad faith by American Family in connection with American Family's denial of an insurance claim filed by the Prasads in February 2009. Not. of Removal, Ex. C (Compl.), docket no. 1.

On motion by the plaintiffs, the Court dismissed the counterclaims brought by American Family in its original answer as unsupported by sufficient facts to state a plausible claim for relief. See Order, docket no. 12. The Court also granted American Family's request for leave to amend its counterclaims for breach of contract and violations of Washington's Consumer Protection Act ("CPA"). Id. Plaintiffs now seek dismissal of these counterclaims in American Family's First Amended Answer. Mot., docket no. 14.

## II. Discussion

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. The plaintiff is obligated to provide grounds for

his entitlement to relief that amount to more than labels and conclusions or a formulaic recitation of the elements of a cause of action.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).

Plaintiffs argue that the Court should again dismiss American Family's counterclaims because American Family has not pleaded sufficient facts in its First Amended Answer to state plausible claims for breach of contract or violations of the CPA.  Plaintiffs also argue that American Family's reverse CPA counterclaim is not a cognizable cause of action.

### A.   American Family's Breach of Contract Counterclaim

American Family's original counterclaim for breach of contract was based only on vague "misrepresentations" purportedly made by the plaintiffs in connection with American Family's investigation of their insurance claim.  See Order, docket no. 12.  The Court dismissed the claim because it was not supported by sufficient facts to state a plausible claim for relief under Iqbal and Twombly.  Id.

In the First Amended Answer, American Family identifies specific misrepresentations allegedly made by the Prasads in connection with their insurance claim, including the Prasads' representations about their (1) property inventory; and (2) when they were last at their home prior to incurring the alleged loss.  Am. Answer, Ex. A at 4, docket no. 13.  The amended counterclaim contends that under the express terms of the insurance contract, such misrepresentations constitute a material breach of the parties' agreement.  Am. Answer at 9, docket no. 13; Id. at Ex. A, 3-4.

ORDER - 3

The Prasads argue that the new facts alleged by American Family are not sufficiently specific to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Mot. at 6, docket no. 14. In particular, the Prasads argue that the amended counterclaim does not identify the specific items misrepresented in the inventory, the relevance of the time the Prasads were last at home prior to the loss, and other particular facts. Id. American Family's amended counterclaim, however, goes beyond a mere recitation of the elements of a claim for breach of contract; it identifies the specific misrepresentations allegedly made by the Prasads that American Family contends constitute breaches of specifically identified provisions of the insurance contract. See Am. Answer, Ex. A at 3-4, docket no. 13. The Court concludes that American Family has met the low threshold of pleading sufficient facts to state a plausible claim for breach of contract, and DENIES plaintiffs' motion to dismiss American Family's breach of contract counterclaim.

### B. American Family's CPA Counterclaim

To prevail on its amended CPA counterclaim, American Family bears the burden of proving (1) an unfair or deceptive act or practice by the Prasads; (2) occurring in trade or commerce; (3) that affects the public interest; (4) which causes; (5) injury to American Family's business or property. Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 784, 719 P.2d 531 (1986). In the Court's Order dismissing American Family's original CPA counterclaim, the Court identified the type of specific facts that American Family must plead to establish a claim under the CPA.

For example, to establish the "unfair or deceptive act or practice" element of a CPA claim, American Family must plead facts that plausibly show that the Prasads' conduct had the capacity to deceive a substantial portion of the public. Order at 8, docket no. 12, citing Hangman Ridge, 105 Wn.2d at 785.  Yet American Family's First Amended Answer pleads only that the Prasads made misrepresentations once, in the context of a single private insurance claim. American Family does not allege that plaintiffs have a practice of making similar misrepresentations to others.  Cf.  Potter v. Wilbur-Ellis Co., 62 Wn. App. 318, 327-28, 814 P.2d 670 (1991) (holding that a false statement communicated to one customer can have the capacity to deceive a substantial portion of the public if it is contained in a standard form contract, sales material, or routine sales presentation). Thus, the misrepresentations alleged in the First Amended Answer are not the type of deceptive conduct that has the capacity to deceive a substantial portion of the public.

Similarly, to plead the public interest element of a CPA claim in a private dispute, American Family must show a likelihood that additional parties have been or will be injured in exactly the same fashion as the plaintiff.  Michael v. Mosquera-Lacy, 165 Wn.2d 595, 604, 200 P.3d 695 (2009).  "There must be shown a real and substantial potential for repetition, as opposed to a hypothetical possibility of an isolated unfair or deceptive act's being repeated."  Id. at 604-05.  To show the necessary potential for repetition in the context of a private contractual dispute,

American Family must plead facts that establish one or more of the following factors: (1) the alleged acts were committed in the course of the Prasads' business;[1] (2) the Prasads advertise to the public in general; (3) the Prasads actively solicited American Family, indicating potential solicitation of other insurance companies; or (4) American Family and the Prasads occupy unequal bargaining positions. See Order at 9 n.5, docket no. 12, citing Hangman Ridge, 105 Wn.2d at 790-91.

American Family's First Amended Answer contains no facts from which the Court may infer that the alleged fraud occurred in the conduct of the Prasads' business, that they advertise to the public, or that they solicited American Family or any other insurance company. With respect to the unequal bargaining factor, American Family argues that, at least in the context of an insurance claim, the insured occupies a stronger bargaining position because only the insured knows whether an insurance claim is accurate at the time it is made. Opp'n at 8, docket no. 21. The Court declines to hold as a matter of law that this information disparity, in a relationship that is otherwise wholly dominated by the insurer, is sufficient, in the absence of any other factors, to establish the public interest element of a CPA

---

[1] Factual allegations establishing that the defendant was engaged in business are also relevant to the "trade or commerce" element of a CPA claim, which is defined as "the sale of assets or services, and any commerce directly or indirectly affecting the people of the state of Washington." RCW 19.86.010(2). American Family's First Amended Answer states only that the plaintiffs made fraudulent misrepresentations for "the purpose of making a profit." Am. Answer at 9, docket no. 13. American Family's conclusory allegation does not establish that the Prasads are "in the business of insurance," as that phrase is contemplated in RCW 48.01.030, or that they are engaged in the sale of assets or services or indeed any other type of commerce.

claim. Accordingly, the Court concludes that American Family has again failed to plead facts that state a plausible claim for relief under the CPA, and the Court GRANTS the Prasads' motion as to that claim.

### C.     Leave to Amend

In the alternative, American Family requests leave to file a second amended answer and counterclaim. Opp'n at 11, docket no. 21. Leave to amend need not be granted if the amendment would be futile. Ventress v. Japan Airlines, 603 F.3d 676, 680 (9th Cir. 2010). Plaintiff argues that leave to amend would be futile because a reverse CPA claim brought by an insurer against its insured is not a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988) (holding that a dismissal under Fed. R. Civ. P. 12(b)(6) can be based on a lack of a cognizable legal theory). Relying heavily on State Farm Fire & Cas. Co. v. Hyunh, 92 Wn. App. 454, 467-68, 982 P.2d 854 (1998), American Family contends that an insurance company may maintain a CPA claim against any party that, for the purpose of making a profit, submits false information in connection with an insurance claim. In Hyunh, the defendant chiropractor falsified treatment records for insured patients and then submitted the falsified records to the plaintiff insurer for reimbursement. Id. The insurer submitted evidence that the same defendant had falsified at least twenty other similar requests for reimbursement. Id. at 469. The court held that the insurance company could pursue a CPA claim against the chiropractor. Id. at 461-62.

As an initial matter, Hyunh is factually distinguishable from the present case. For example, unlike the single misrepresentation alleged in this case, in Hyunh, the defendant's conduct had the capacity to deceive a substantial portion of the public because the plaintiff submitted evidence demonstrating that the defendant had made similar misrepresentations involving at least twenty different patients. Id. at 469. Moreover, unlike in Hyunh, where the evidence of the chiropractor's multiple falsified reimbursement submissions implied a potential for repetition that affected the public interest, American Family's First Amended Answer contains no facts from which the Court may infer a likelihood that other insurers have been or will be injured in exactly the same fashion as American Family. Finally, the Court notes that the defendant in Hyunh was engaged in the operation of a business. Indeed, the court in Hyunh concluded that the insurer was "the direct purchaser" of the defendant's services in that case. Id. at 459. Conversely, there is no dispute that the Prasads are merely purchasers of insurance; they did not provide American Family, or anyone else for that matter, with any goods or services. As such, they are not engaged in any commerce that would give rise to a claim under the CPA.

In addition to being factually distinguishable, Hyunh does not stand for the broad proposition that an insurer may bring a CPA claim against any party that submits false information to an insurer in connection with an insurance claim. Hangman Ridge and other cases interpreting the CPA make clear that the statute requires some showing that the wrongdoer is involved in business or commerce. It

was with this understanding that the Court originally afforded American Family an opportunity to cure the deficiencies in its counterclaim, with the expectation that American Family might be able to plead the type of facts that would give rise to liability under the CPA. But after a second round of pleading, it is clear that this case involves only a private insurance dispute between a single insured and a single insurance company related to the investigation of a single claim. Such circumstances cannot give rise to liability under the CPA against an insured, and as such, the Court concludes that any further amendment would be futile because American Family cannot plead any additional set of facts that would plausibly show it is entitled to relief under the CPA. Accordingly, the Court DENIES American Family's motion for leave to amend, and DISMISSES its CPA counterclaim with prejudice.[2]

### III.     Conclusion

The Court GRANTS in part and DENIES in part plaintiffs' second motion to dismiss, docket no. 14. The Court DENIES plaintiffs' motion to dismiss as to American Family's breach of contract counterclaim. The Court GRANTS

---

[2] The Court notes that dismissal without leave to amend is also appropriate on procedural grounds because American Family has already had one opportunity to amend the complaint, yet failed to cure the deficiencies in its CPA claim. See Zucco Partners, L.L.C. v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009) (holding that a party's failure to plead facts with sufficient particularity, even after the district court has previously granted the party leave to amend with specific instructions about how to cure the defects in the pleading, is a strong indication that the party has no additional facts to plead); Metzler Inv. GMBH v. Corinthian Colleges, Inc., 540 F.3d 1049, 1072 (9th Cir. 2008) (holding that a district court has broad discretion to deny leave to amend where the plaintiff has previously amended the complaint).

plaintiffs' motion to dismiss as to American Family's CPA counterclaim.  The Court further DENIES American Family's request for leave to amend as to its CPA counterclaim, and DISMISSES that claim with prejudice.

IT IS SO ORDERED.

DATED this 14th day of December, 2010.

*Thomas S. Zilly*
Thomas S. Zilly
United States District Judge

ORDER - 10